McCORRISTON MILLER MUKAI MacKINNON LLP

DAVID J. MINKIN    3639-0
TROY J. H. ANDRADE 9542-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawai`i 96813
Telephone: (808) 529-7300
Facsimile: (808) 524-8293
Email: minkin@m4law.com
       andrade@m4law.com

Attorneys for Defendants
CREDIT ASSOCIATES OF MAUI, LTD.
and ARAKI-REGAN & ASSOCIATES, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TEN NIFARO,<br><br>             Plaintiff,<br><br>vs.<br><br>CREDIT ASSOCIATES OF MAUI, LTD. and ARAKI-REGAN & ASSOCIATES, LLC,<br><br>             Defendants. | CIVIL NO. 13-00596 LEK BMK<br><br>DEFENDANTS CREDIT ASSOCIATES OF MAUI, LTD. AND ARAKI-REGAN & ASSOCIATES, LLC'S ANSWER TO COMPLAINT FILED ON NOVEMBER 5, 2013; CERTIFICATE OF SERVICE |

297559.1

DEFENDANTS CREDIT ASSOCIATES OF MAUI,
LTD. AND ARAKI-REGAN & ASSOCIATES, LLC'S
ANSWER TO COMPLAINT FILED ON NOVEMBER 5, 2013

Defendants Credit Associates of Maui, Ltd. and Araki-Regan & Associates, LLC ("Defendants"), by and through their counsel, McCorriston Miller Mukai MacKinnon LLP, hereby submit the following as their Answer to Plaintiff Ten Nifaro's Complaint for Damages and Injunctive Relief ("Complaint"), filed on November 5, 2013:

FIRST DEFENSE

1. The Complaint fails to state a claim upon which relief may be granted.

SECOND DEFENSE

2. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 1, 7, 35, 36, 38, 56, 59, 64 and 116 of the Complaint and thus, those allegations are denied.

3. In response to Paragraph 2 of the Complaint, Defendants state that the Complaint speaks for itself and, Defendants further deny all remaining allegations of facts and law in Paragraph 2.

4. In response to Paragraph 3 of the Complaint, Defendants admit that they transact business in the state and are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 3 and thus, those remaining allegations are denied.

5. In response to Paragraph 4 of the Complaint, Defendants admit upon information and belief that Plaintiff is a natural person who resides in the County of Honolulu, Hawai'i, with the remaining allegations stating conclusions of law and on that basis, deny those remaining allegations.

6. In response to Paragraph 5 of the Complaint, Defendants admit that Defendant Credit Associates Maui, Ltd. is a for-profit corporation organized in Hawai'i, and that Keith Regan, 1817 Wells Street, Wailuku, HI 96793 is its registered agent for service of process with Defendants stating that all remaining allegations in this paragraph call for legal conclusions, and on that basis deny these remaining allegations.

7. In response to Paragraph 6 of the Complaint, Defendants admit that Defendant Araki-Regan & Associates LLC is a for-profit law firm, organized in Hawai'i, maintaining 1823 Wells Street, Wailuku, HI 96793 is its principal place of business and that Lynn Araki-Regan, 1823 Wells Street, Suite 2A, Wailuku, HI 96793, is its registered agent for service of process, with Defendants stating that all remaining allegations in this paragraph call for legal conclusions and on that basis deny these remaining allegations.

8. Defendants admit the allegations contained in Paragraphs 8, 9, 13, 14, 22 and 23 of the Complaint.

9.  In response to Paragraphs 10, 11, 12, 27, 28, 51, 58, 98, 101, 112, 113 and 114 of the Complaint, Defendants state that these allegations call for legal conclusions and on that basis deny these allegations.

10. Defendants deny the allegations in Paragraphs 15, 16, 18, 21, 24, 26, 35, 36, 37, 38, 39, 40, 41, 42, 55, 60, 62, 63, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 92, 93, 94, 95, 96, 97, 99, 100, 103, 104, 105, 106, 107, 108, 109, 110, 111, and 115 of the Complaint.

11. In response to Paragraph 17 of the Complaint, Defendants admit that on or about July 12, 2013, a state court collection lawsuit, which included a civil complaint, and declarations as permitted by court rule was caused by Defendants to be filed and served upon Plaintiff in the District Court of the First Circuit, Honolulu Division, State of Hawai'i, and Defendants further respond that Exhibit "A" (the state court complaint) speaks for itself, and on that basis deny any remaining allegations.

12. In response to Paragraphs 19 and 20 of the Complaint, Defendants state that Exhibit "A" (the state court complaint) speaks for itself, and on that basis deny these allegations.

13. In response to Paragraph 25 of the Complaint, Defendants admit that they had knowledge of when the debts went into default and that they intentionally

filed a lawsuit against Plaintiff to collect the debts, but deny all remaining allegations in that paragraph.

14. In response to Paragraph 29 of the Complaint, Defendants admit that Catherine Okamura signed a declaration, as permitted by court rules, under penalty of perjury and the declaration was filed in the state court collection lawsuit in an attempt to collect the debt, and Defendants deny all remaining allegations in that paragraph.

15. In response to Paragraphs 30, 31, 32, 33 and 34 of the Complaint, Defendants state that the Declaration of Catherine Okamura speaks for itself, and on that basis deny the allegations.

16. In response to Paragraphs 43, 44, 45, and 46 of the Complaint, Defendants state that the September 4, 2013 letter speaks for itself and on that basis deny the allegations.

17. In response to Paragraph 47 of the Complaint, Defendants admit that Defendant Araki-Regan & Associates, LLC sent a letter addressed to the District Court dated September 4, 2013 and that Plaintiff was sent a copy of the letter, and Defendants deny all remaining allegations in that paragraph.

18. In response to Paragraphs 48, 49 and 50 of the Complaint, Defendants state that the September 4, 2013 letter speaks for itself, and on that basis deny the allegations.

19. In response to Paragraphs 52 and 53 of the Complaint, Defendants state that the August 28, 2013 letter speaks for itself and deny all remaining allegations in that paragraph as conclusions of law to which no response is required.

20. In response to Paragraph 54 of Complaint, Defendants admit that the September 4, 2013 letter enclosed a proposed judgment, which speaks for itself, but deny all remaining allegations in that paragraph as conclusions of law to which no response is required.

21. In response to Paragraph 57 of Complaint, Defendants admit that the court awarded judgment in favor of Defendant Credit Associates of Maui, Ltd. on August 26, 2013, but deny all remaining allegations in that paragraph.

22. In response to Paragraph 61 of the Complaint, Defendants state that the Complaint speaks for itself, and on that basis deny said allegations.

23. In response to Paragraph 79 of the Complaint, Defendants admit that they have provided information concerning Plaintiff's debt to credit reporting agencies, but deny all remaining allegations in that paragraph.

24. In response to Paragraph 91 of the Complaint, Defendants admit that they have never provided a copy of the contract or any documentation proving their ownership of the debt, but deny all remaining allegations in that paragraph.

25. In response to Paragraph 102 of the Complaint, Defendants admit the unpaid principal balance alleged by Defendants is $527.91, but deny all remaining allegations in that paragraph.

26. Each and every other allegation not heretofore specifically answered is denied.

THIRD DEFENSE

27. The Court lacks subject matter jurisdiction over the Complaint pursuant to the Rooker-Feldman doctrine.

FOURTH DEFENSE

28. Plaintiff's claims fail based on the doctrine of res judicata.

FIFTH DEFENSE

29. Plaintiff's claims fail based on the doctrine of collateral estoppel.

SIXTH DEFENSE

30. Plaintiff's claims fail based on the doctrine of judicial estoppel.

SEVENTH DEFENSE

31. The Complaint fails to state a claim against Defendants in that Plaintiff has based his claims upon alleged violations of 15 U.S.C. § 1692, et. seq., the Fair Debt Collection Practices Act ("FDCPA"), and the Hawai'i Revised Statutes Chapters 334B and 480 but all actions by Defendants are fully compliant with those statutes.

## EIGHTH DEFENSE

32. Defendants assert the defense of unintentional bona fide error, recognized by section 813 of the FDCPA, 15 U.S.C. § 1692k(c).

## NINTH DEFENSE

33. Plaintiff suffered no damage from any act of Defendants and is therefore not entitled to any award of damages or attorneys' fees or costs.

## TENTH DEFENSE

34. Plaintiff failed to mitigate his damages, if any.

## ELEVENTH DEFENSE

35. Any damage suffered by Plaintiff, which Defendants deny, was due to the affirmative actions or omissions of Plaintiff and does not give rise to any liability of the part of Defendants.

## TWELFTH DEFENSE

36. Plaintiff's claims are barred because Defendants had no duty to verify the debt at issue.

## THIRTEENTH DEFENSE

37. Plaintiff's claims are barred by the statute of limitations.

FOURTEENTH DEFENSE

38. Defendants hereby give notice that they reserve the right to assert other affirmative defenses, including, without limitation, any provided for under Rule 8(c) of the Federal Rules of Civil Procedure and under the FDCPA and Hawai'i statutes, the propriety or applicability of which may be disclosed through future discovery and investigation of Plaintiff's Complaint.

WHEREFORE, Defendants pray as follows:

A. That the Complaint filed herein be dismissed.

B. That Defendants be awarded their costs and attorneys' fees.

C. That the Court award such other relief as it may deem just and proper under the circumstances.

DATED: Honolulu, Hawai'i, _____NOV 2 7 2013_____.

_____
DAVID J. MINKIN
TROY J. H. ANDRADE

Attorneys for Defendants CREDIT ASSOCIATES OF MAUI, LTD. and ARAKI-REGAN & ASSOCIATES, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TEN NIFARO, | ) | CIVIL NO. 13-00596 LEK BMK |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| CREDIT ASSOCIATES OF MAUI, LTD. and ARAKI-REGAN & ASSOCIATES, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of the foregoing document was duly served upon the following persons either by electronic court filing (ECF), hand delivery (HD) or by mailing said copy, postage prepaid, first class, in a United States post office at Honolulu, Hawaii (M), in the manner indicated, addressed as set forth below:

297559.1

      RICHARD HOLCOMB, ESQ.   (ECF)
      rholcomblaw@live.com
      BRIAN J. BRAZIER, ESQ.
      brianbrazier@gmail.com
      1136 Union Mall, Suite 808
      Honolulu, Hawai'i 96813

      Attorneys for Plaintiffs

DATED: Honolulu, Hawai'i, _____NOV 2 7 2013_____.

              /s/ David J. Minkin
      DAVID J. MINKIN
      TROY J. H. ANDRADE

      Attorneys for Defendants CREDIT
      ASSOCIATES OF MAUI, LTD. and
      ARAKI-REGAN & ASSOCIATES, LLC